```
                                        ┌──────────────────────────────┐
                                        │ USDC SDNY                    │
                                        │ DOCUMENT                     │
UNITED STATES DISTRICT COURT            │ ELECTRONICALLY FILED         │
SOUTHERN DISTRICT OF NEW YORK           │ DOC #:                       │
- - - - - - - - - - - - - - - - -x      │ DATE FILED: 7/16/07          │
                                        └──────────────────────────────┘
UNITED STATES OF AMERICA           :
                                                MEMORANDUM DECISION
          - against -              :
                                                07 Civ. 3412 (DC)
NESTOR CANO,                       :            04 Cr. 236 (DC)

              Defendant.           :

- - - - - - - - - - - - - - - - -x
```

**APPEARANCES:**    MICHAEL J. GARCIA, ESQ.
                    United States Attorney for the
                    Southern District of New York
                         By:  Jessica A. Roth, Esq.
                              Assistant United States Attorney
                    One Saint Andrew's Plaza
                    New York, NY  10007

                    NESTOR CANO
                    Defendant Pro Se
                    Low Security Correctional Institution-Allenwood
                    P.O. Box 1000
                    White Deer, PA  17887-1000

**CHIN, D.J.**

In this case, defendant Nestor Cano pled guilty on
November 5, 2004 to conspiracy to distribute and possess with the
intent to distribute heroin in violation of 21 U.S.C. §§ 812,
841(a)(1), 841(b)(1)(A), and 846.  Cano was sentenced to a term
of imprisonment of 108 months.  Now proceeding pro se, Cano moves
pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his
sentence on the grounds that he was denied effective assistance
of counsel.  For the reasons set forth below, the motion is
denied.[1]

---

    [1]   Because I find that "it plainly appears from the face
of the [section 2255] motion . . . and the prior proceedings in
the case that [Cano] is not entitled to relief," I do not order

## BACKGROUND

### A.  The Facts

In January and February 2004, Cano and a confidential source (the "CS") had a number of telephone conversations discussing a proposed heroin transaction.  (PSR ¶ 7).[2]  On February 9, 2004, Cano and the CS met at a location in Queens, New York.  (Id. ¶ 8).  At this meeting, Cano gave the CS a twenty-five gram sample of heroin, and informed him that he wanted to execute a deal for approximately 480 to 500 grams of heroin the following day.  (Id.).

On February 10, 2004, Cano and the CS met again in Queens, New York, at a prearranged location.  (Id. ¶ 9).  Cano entered the CS's vehicle and moments later the CS exited.  (Id.). The CS then made a phone call to alert Drug Enforcement Administration ("DEA") agents that the heroin was in the vehicle. (Id.).  The agents arrested Cano and found heroin packaged in

───────────────

the United States Attorney to file an answer to the instant motion.  See Rules Governing Section 2255 Proceedings for the U.S. Dist. Courts 4(b); Armienti v. United States, 234 F.3d 820, 822-23 (2d Cir. 2000).

[2]    References are as follows: "Indict." to the Indictment dated March 11, 2004 (04 Cr. 236); "Plea Tr. 1" to the transcript of Cano's aborted plea allocution dated October 29, 2004; "Plea Tr. 2" to the transcript of Cano's completed plea allocution on November 5, 2004; "Hr'g Tr." to the transcript of the hearing dated July 19, 2005; "Sen. Agmt." to Cano's stipulated sentencing agreement dated August 4, 2005; "PSR" to the pre-sentence report dated May 26, 2005; "Sen. Tr." to the transcript of Cano's sentencing on August 8, 2005; "Att'y. Ltr." to the letter from Cano's counsel dated August 21, 2006; "Def. Aff." to Cano's affidavit submitted with his § 2255 motion dated March 6, 2007; and "Def. Mot." to Cano's § 2255 motion dated April 30, 2007.

pellets on the passenger seat.  (Id.).  The pellets field tested
positive for 275 grams of heroin.  On March 11, 2004, a relative
of the CS who borrowed the vehicle found an additional 275 grams
of heroin in the car.  (Id. ¶ 9 n. 1).  The relative contacted
the DEA, which took possession of the additional heroin.  (Id.).

The DEA subsequently obtained a search warrant for
Cano's apartment.  (Id. ¶ 10).  There, agents discovered
approximately 150 grams of heroin packaged in the same pellet
form, as well as additional loose heroin and drug paraphenalia.
(Id.).

B. **Prior Proceedings**

Cano was indicted on March 11, 2004 for conspiracy to
distribute and possess with intent to distribute one kilogram or
more of heroin in violation of 21 U.S.C. §§ 812, 841(a)(1),
841(b)(1)(A), and 846.  (Indict. 1).  On October 29, 2004, Cano
appeared before the Court and began to plead guilty, without a
plea agreement.  (Plea Tr. 1).  Venue, however, was disputed and
Cano did not complete his allocution and the matter was
adjourned.  (Id. at 21).

Cano completed his allocution on November 5, 2004.
(Plea Tr. 2).  During the allocution, Cano admitted to helping
his boyfriend sell heroin, but he refused to admit that more than
one kilogram of heroin was involved.  (Plea Tr. 1, 11).  Cano
waived whatever right he had to a jury trial on the quantity of
heroin, however, and on July 18, 2005, I held a Fatico hearing to
determine the amount.  (Id.).  The next day, I ruled and found

- 3 -

that Cano was responsible for more than one kilogram of heroin. (Hr'g Tr. 6).  I also found that Cano played a greater role in the conspiracy than he claimed.  (Sen. Tr. 13).

The Probation Department prepared a presentence report ("PSR") containing a calculation of the appropriate sentence under the United States Sentencing Guidelines ("the Guidelines"). The PSR set the total offense level at 27 on the assumption that only 700 grams of heroin were involved. (PSR 8).  The criminal history category was set at I, making the Guidelines range seventy to eighty-seven months.  (Id.).  Nevertheless, because of the ten-year mandatory minimum sentence for violations of 21 U.S.C. § 841(b)(1)(A), the Probation Department recommended a term of 120 months.  (Id.).  Neither party filed an objection to the PSR.  (Id. at 11; Sen. Tr. 10).

At the hearing on July 19, 2005, there was disagreement between the Government and Cano's attorney over whether Cano still qualified for the safety valve, 18 U.S.C. § 3553(f), which would have provided him with relief from the statutory minimum of 120 months imprisonment.  (Hr'g Tr. 11).  Cano's attorney was under the impression that he still qualified, while the Government stated that he did not.  (Id. at 6, 9).  Cano's counsel stated:

> If there's anything here that has caused Mr. Cano not to safety valve, it's certainly his lawyer, it's nobody else; because it's not Mr. Cano who entered a guilty plea knowing the law.
> . . . .

> I think at the very least, Mr. Cano should be
> allowed the opportunity to go back in and
> safety valve, because it is no lawyer's great
> pleasure to stand here and admit to
> inadequacy, certainly not mine, before this
> Court.  But if there was a mistake, it's
> mine.  It is not Mr. Cano.

(Id. 12, 14).  The Court asked the Government whether it would

give Cano another opportunity to make a safety valve proffer.

(Id. at 16).

After a recess, the Government reported that it would

let Cano make another proffer and, as a result, the proceedings

were adjourned.  Thereafter, Cano entered into a sentencing

agreement (the "Agreement") with the Government.  (Sen. Agmt.).

Cano and the Government stipulated to a total offense level of

29, based on, inter alia, the agreement that Cano was responsible

for three to ten kilograms of heroin.  (Id. at 2).  The parties

also stipulated to a criminal history category of I and a

Guidelines range of 87 to 108 months based on their agreement

that Cano had met the conditions of the safety valve.  (Id.).

The Agreement also contained a waiver of Cano's right to appeal

or otherwise litigate under 28 U.S.C. §§ 2255 and/or 2241 any

sentence within or below the stipulated Guidelines range.  (Id.

at 4).

At sentencing on August 8, 2005, I conducted another

allocution with Cano, confirming that he entered into the

Agreement knowingly, intelligently, and voluntarily.   (Sen. Tr.

at 5-9).  During this colloquy, Cano specifically acknowledged

that he understood he was waiving his right to appeal or

challenge any sentence within the stipulated Guidelines range of
87 to 108 months, to which he answered affirmatively.  (Id. at 6,
7).  The allocution included the following colloquy:

>     THE COURT:        Now, the agreement also says
>                       that you are giving up your
>                       right . . . to appeal or
>                       otherwise challenge by way of
>                       a 2255 motion or habeas
>                       petition any sentence within
>                       or below the stipulated
>                       sentencing range of 87 to 108
>                       months.  Do you understand
>                       that?
>
>     DEFENDANT:        Yes, your Honor, I do.
>
>     THE COURT:        What that means is if I
>                       sentence you to 108 months or
>                       anything less, you would have
>                       no right to appeal that
>                       sentence or to otherwise try
>                       to challenge that sentence.
>                       Do you understand that?
>
>     DEFENDANT:        Yes, I do, your Honor.
>
>     THE COURT:        You are waiving that right
>                       knowingly and voluntarily?
>
>     DEFENDANT:        Yes, your Honor.
>
>     THE COURT:        Are you satisfied with the
>                       manner in which your lawyer
>                       . . . has represented you in
>                       this case?
>
>     DEFENDANT:        Yes, your Honor.

(Id. at 6-7).

Cano's attorney then urged the Court to impose a
sentence at the lower end of the Guidelines range.  (Id. at 12).
I was not persuaded however, in part because Cano's claim that
his involvement was limited to helping his boyfriend was
unconvincing.  (Id. at 13).  I stated

- 6 -

> [I]t is clear to me . . . that you have
> sought from the beginning to at least
> minimize your culpability.  You have fought
> every step of the way . . . I think the
> evidence that I saw at the [Fatico] hearing
> showed that you played a much larger role
> than you were at least trying to get me to
> believe.  Frankly, I gave serious thought to
> not making the downward adjustment for
> acceptance of responsibility because I don't
> know that you really have accepted
> responsibility.

(Id. at 12, 13).  I then sentenced Cano to 108 months imprisonment.  (Id.).  In particular, my decision was influenced by the substantial evidence that Cano played a much greater role than he represented: numerous drug ledgers, including one with Cano's alias on the notepaper, drug processing equipment, heroin packaging materials, and other drug paraphernalia found in Cano's apartment.  (Hr'g Tr. 5).

Cano appealed his sentence but the Second Circuit denied the appeal on the grounds Cano had waived his right to appeal.  United States v. Cano, 190 Fed. Appx. 34, 37 (2d Cir. 2006).  The Second Circuit also remarked that it would have denied Cano's appeal on the merits.  Id. at n. 2.  In particular, it noted that "the Court's sentencing decision was informed not by Cano's initial failure to allocute to drug quantity but by the demonstrated seriousness of his criminal conduct."   Id.

Subsequently, Cano's counsel sent him a letter that stated in part: "[G]o ahead and file a 2255 and argue that I was ineffective.  I can't argue my own ineffectiveness, but you have that option and I have told you that many times."  (Att'y. Ltr.).  Cano then filed this § 2255 motion on March 6, 2007.

- 7 -

Cano claims that his counsel was ineffective because she advised him "to waive his right to litigate pursuant to § 2255, without knowing whether counsel would render effective assistance during the plea stage and the proceedings following thereof." (Def. Mot. 2). He also argues that he received a sentence at the high end of the Guidelines because his attorney advised him to put the Government to its burden of proving the drug quantity at the <u>Fatico</u> hearing. (Def. Mot. 2). He claims that but for his counsel's advice, he would not have challenged the Government on the quantity of heroin involved, and therefore would have received a sentence at the low end of the stipulated Guidelines range. (<u>Id.</u>).

### DISCUSSION

Cano's motion is denied. First, he waived his right to challenge his sentence, whether by a motion under 28 U.S.C. § 2255 or otherwise. Second, even assuming that Cano is not precluded from challenging his sentence, the motion is denied on the merits.

**A.   Waiver of Rights**

**1.   Applicable Law**

The Second Circuit has held waivers in plea and sentencing agreements enforceable:

> In no circumstance . . . may a defendant, who
> has secured the benefits of a plea agreement
> and knowingly and voluntarily waived the
> right to appeal a certain sentence, then
> appeal the merits of a sentence conforming to
> the agreement. Such a remedy would render

the plea bargaining process and the resulting
agreement meaningless.

United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir.

1993); see also United States v. Djelevic, 161 F.3d 104, 106-07

(2d Cir. 1998) (knowing and voluntary waiver of right to appeal

sentence within agreed upon guideline range is enforceable);

United States v. Stevens, 66 F.3d 431, 437 (2d Cir. 1995)

(sentencing agreements and plea agreements are analogous for

determining the enforceability of an appeal waiver).

Claims of ineffective assistance of counsel can survive

§ 2255 waivers, but only when the claim relates to the

negotiation and entry of a plea or sentencing agreement.  The

Second Circuit held that:

> the refusal to apply a waiver of ineffective
> assistance of counsel only allows appellate
> review of the constitutionality of the
> process by which the plea agreement was
> consummated.  If the constitutionality of
> that process passes muster, the plea
> agreement's waiver would bar any
> consideration by the appellate court of
> issues that fall within the scope of that
> waiver.  For instance had [the defendant]
> raised any issues about sentence, we would
> refuse to consider them.

United States v. Hernandez, 242 F.3d 110, 114 (2d Cir. 2001); see

also Moore v. United States, No. 00 Civ. 4560 (AJP), 2001 WL

253432, at *17 (S.D.N.Y. Mar. 15, 2001); Luna v. United States,

No. 98 Civ. 7970 (PKL), 1999 WL 767420, at *5 (S.D.N.Y. Sept. 28,

1999) (ineffective assistance of counsel waiver enforceable if

petitioner does not allege that ineffectiveness affected his

acceptance of agreement as a whole or that he did not understand the consequences of entering into the agreement).

Regarding claims of ineffective assistance of counsel during sentencing specifically, the Second Circuit has held that "[i]f we were to allow a claim of ineffective assistance of counsel at sentencing as a means of circumventing plain language in a waiver agreement, the waiver of appeal provision would be rendered meaningless." Djelevic, 161 F.3d at 107; see also United States v. Walker, 411 F. Supp. 2d 336, 337 (W.D.N.Y. 2006) (defendant cannot defeat an appeal waiver merely by stating in a conclusory fashion a claim of ineffective assistance of counsel).

### 2.   **Application**

Cano argues that at his plea he waived his § 2255 right without knowing whether his counsel would render effective assistance during the plea stage and the following proceedings. The argument is nonsensical and factually incorrect.  Cano pled guilty without any agreement.  (See Plea Tr. 1, 7).  He only waived his § 2255 right when he entered into the Agreement after his guilty plea.  (Sen. Agmt. 4).  Cano's complaint can be read, however, to allege that he was penalized by the Court in sentencing because his attorney counseled him to put the Government to its proof of the amount of drugs in question. (Def. Mot. 2).  This claim also fails because it was waived by Cano, and in any case is without merit.

Cano's waiver of appeal rights is valid.  First, I conducted a thorough allocution, and specifically asked Cano

whether he understood that he was giving up his right to appeal
or in any other way litigate his sentence if it fell within the
range set forth in the Agreement -- and Cano responded
affirmatively.  (Sen. Tr. 6-7).  Second, Cano confirmed that (1)
he discussed the Agreement with his attorney, (2) the Agreement
had been explained and translated for him and he fully understood
it before signing it, and (3) he had not been induced or
threatened in any way to enter into the Agreement.  (Id. at 5,
9).  Though Cano pled guilty, he still received benefits under
the Agreement -- his exposure was reduced from a minimum of 120
months to a guideline range of 87 to 108 months.  (Sen. Agmt. 2,
3).  Finally, even if Cano did not waive his ineffective
assistance of counsel claim, as discussed above, the claim is
without merit.

        Cano's claim of ineffective assistance of counsel does
not survive his appeal waiver.  There is no indication that the
consummation of the Agreement was unconstitutional or that the
alleged ineffective assistance of counsel occurred at the time
Cano entered into the Agreement.  The only claim Cano can make of
actual ineffectiveness by his counsel is that she put the
Government to its burden of proof regarding the quantity of
heroin in question.  Cano alleges that this caused him to receive
a higher sentence.  (Def. Mot. 5).  This is precisely the type of
an ineffective assistance of counsel claim that the Hernandez and
Djelevic courts bar.  Instead of appealing the sentence directly,
because of his appeal waiver, Cano is attempting to collaterally

attack the sentence through an ineffective assistance of counsel claim.  To permit circumvention of a sentencing agreement in this manner would render the agreement meaningless.  Therefore, Cano's claims of ineffective assistance of counsel in proceedings subsequent to the consummation of the Agreement are barred by his appeal waiver because I sentenced him within the stipulated guideline range.

Accordingly, because I sentenced Cano within the stipulated range of 87 to 108 months, he has waived his right to challenge his sentence and is precluded from making this motion.

**B.   Merits**

   **1.   Applicable Law**

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) petitioner was prejudiced by counsel's deficient performance.  See Strickland v. Washington, 466 U.S. 668, 686-88 (1984).  When applying the Strickland test, "judicial scrutiny of counsel's performance must be highly deferential."  Id. at 689.  "The court's central concern is not with 'grad[ing] counsel's performance,' . . . but with discerning 'whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results.'"  United States v.

Aquirre, 912 F.2d 555, 561 (2d Cir. 1990) (quoting Strickland, 466 U.S. at 696).

Where a defendant challenges a guilty plea or sentencing agreement on the basis of alleged ineffective assistance of counsel, to satisfy the second prong of the Strickland test the defendant must show that, but for counsel's error, there is a reasonable probability that he would not have pled guilty. Hill v. Lockhart, 474 U.S. 52, 59 (1985); Tate v. Wood, 963 F.2d 20, 23-24 (2d Cir. 1992).

### 2.   **Application**

Cano's only claim is that his counsel was ineffective at the plea stage of the proceedings because he was advised "to waive his right to litigate pursuant to § 2255, without knowing whether counsel would render effective assistance during the plea stage and the proceedings following thereof."  (Def. Mot. 2). Disregarding the fact that there was no plea agreement or waiver of § 2255 rights at the plea stage, this argument fails because the lack of foreknowledge of counsel's effectiveness does not constitute actual ineffectiveness.

Cano also suggests that his attorney's ineffectiveness adversely affected his sentencing. (Def. Mot. 4, 5).  In particular, the underlying basis of Cano's motion appears to be certain apparent admissions of poor judgment by his counsel. Cano argues that because his counsel, purportedly against his wishes, decided to put the Government to its burden regarding the amount of heroin in question, he received a sentence at the high

end of the Guidelines range contained in the Agreement.  (Id.).
He supports this assertion with, inter alia, statements made by
his attorney during the July 19, 2005 hearing and a letter she
wrote on August 21, 2006.  (Id.).  Cano's attorney stated that
she made a strategic mistake in challenging the Government over
the quantity of drugs involved.  (Hr'g Tr. 12, 14).  She noted
that by doing so she jeopardized Cano's chance of receiving a
safety valve reduction to his sentence.  (Id.).

        Cano's argument is without merit.  First, Cano did
receive the benefit of the safety valve.  Cano originally faced a
mandatory minimum of 120 months, but the Government agreed, even
after the Fatico hearing, to permit Cano to make a safety valve
proffer.  (PSR 8).  Cano and his attorney met with the Government
and negotiated the Agreement, and the Government agreed that Cano
qualified for a safety valve reduction.  (Sen. Agmt. 2-3).  I
applied the safety valve and sentenced Cano within the stipulated
guideline range.  (Sen. Tr. 13).  Cano benefitted from the
reduction of his sentence below the mandatory minimum and
received the safety valve reduction because of his attorney's
negotiations with the Government.  Therefore, any claim of
ineffective assistance of counsel based on his attorney's
decision to challenge the Government over the quantity of heroin
is without merit.  Second, the decision to put the Government to
its proof with respect to the quantity was a strategic decision
by Cano's attorney, which did not fall below an objective
standard of reasonableness.  Matters of strategy are not a basis

- 14 -

for finding ineffective assistance of counsel.  Therefore, Cano has not satisfied the first prong of the Strickland test.  See Strickland, 466 U.S. at 686-88.

Cano also refers to counsel's statement to the Court admitting to her "inadequacies" and his counsel's letter, dated August 21, 2006, which he claims demonstrate that his counsel "admitted that her performance fell below an objective level of reasonableness" and was, therefore, ineffective.  This claim is also without merit.  (Def. Mot. 4).  The letter states that Cano should "go ahead and file a 2255 and argue that I was ineffective.  I can't argue my own ineffectiveness, but you have that option and I have told you that many times." (Att'y. Ltr.). Instead of an admission of ineffectiveness, this statement is strategic advice to Cano from his lawyer, advising him of his only remaining litigation option. (See Att'y. Ltr.).  Moreover, even if there were admissions of ineffectiveness by Cano's attorney, they are not conclusive proof of ineffectiveness.  An attorney's statements regarding her own ineffectiveness are not, by themselves, proof of unreasonable representation.  Because it is for the court to decide whether counsel was ineffective, "admissions of deficient performance by attorneys are not decisive." Harris v. Dugger, 874 F. 2d 756, 761 n.4 (11th Cir. 1989).  The relevant inquiry is not whether any one attorney believes she was ineffective, but rather whether her performance fell below an objective standard of reasonableness.  See Strickland, 466 U.S. at 686.  Therefore, counsel's statements are

- 15 -

not proof of ineffective assistance of counsel.  Cano's attorney
was to some extent taking the sword for her client in an effort
to help him, but her zealousness in putting the Government to its
proof simply was not a factor in my sentencing decision.

Finally, Cano argues that he disagreed with his
attorney's strategic decision to put the Government to its burden
of proof over the drug quantity in question.  (Def. Mot. 4).  He
suggests that by continuing to follow this strategy against his
wishes, his attorney was ineffective.  (Id.).  I find this
argument unpersuasive.  I asked Cano in a colloquy whether he was
satisfied with his attorney's representation, to which he replied
that he was.  (Sen. Tr. 7).  Cano also stated that he discussed
both his plea and the Agreement with his attorney.  (Plea Tr. 1,
6, 7; Sen. Tr. 5).  Cano had every opportunity to renounce the
Agreement or note his disagreement with his attorney's strategy.
Therefore, even if there was a disagreement between Cano and his
attorney, Cano agreed both to follow counsel's advice and to
enter into the Agreement.  Furthermore, simply because Cano
disagreed with his attorney's strategy does not demonstrate that
her counsel was unreasonable.

Even assuming Cano's attorney was ineffective, Cano
cannot show prejudice.  Cano stated that his drug trafficking was
limited to doing a favor for his boyfriend, but I found following
the Fatico hearing that he played a much larger role than he
claimed.  (Sen. Tr. 13).  My sentencing decision was informed by
the seriousness of his criminal conduct and his difficulty truly

accepting responsibility for his actions, not his initial failure to allocute to the quantity of heroin. During Cano's sentencing, I noted that he repeatedly attempted to minimize his culpability despite evidence of his larger role. (<u>Id.</u> at 12, 13). Indeed, I considered not making the safety valve downward adjustment for acceptance of responsibility, because I doubted Cano's sincerity, and whether he had truly accepted responsibility. (<u>Id.</u> at 13). Nor did I believe that Cano was completely forthright in his appearances before me and in his dealings with the Government. (<u>Id.</u>). It is for these reasons, and not any ineffectiveness on the part of his attorney, that I sentenced Cano to the high end of the Guidelines range. Therefore, Cano cannot demonstrate that he was prejudiced by his attorney's counsel.

<u>**CONCLUSION**</u>

For the reasons set forth above, Cano has failed to demonstrate any basis for relief under 28 U.S.C. § 2255. The motion is therefore denied. Because Cano has not made a substantial showing of the denial of a constitutional right, I decline to issue a certificate of appealability. <u>See</u> 28 U.S.C. § 2255 (1996) (as amended by the Antiterrorism and Effective Death Penalty Act). I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this decision and order would not be taken in good faith.

The Clerk of the Court shall close this case.

SO ORDERED.

Dated:    New York, New York
           July 12, 2007

                                    DENNY CHIN
                                    United States District Judge